OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is modified by providing that the branch of defendant’s cross motion seeking summary judgment dismissing so much of the complaint as seeks to recover the portion of plaintiffs September 10, 2007 claim that was for services rendered from August 29, 2007 through September 6, 2007 is granted; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Defendant appeals from so much of the order as denied its cross motion.
A provider is required to submit proof of claim to the insurer “in no event later than 45 days after the date services are rendered” unless the insurer has been provided with “clear and reasonable justification for the failure to comply with such time limitation” (Insurance Department Regulations [11 *71 NYCRR] § 65-1.1). Plaintiffs billing manager alleged that he had personally mailed a claim form (which billed for acupuncture services rendered from May 23, 2007 through May 31, 2007) on June 21, 2007. Defendant denied payment for the portion of this claim which billed for treatment on May 23, 2007 and May 24, 2007, based on plaintiffs submission of the claim form beyond the 45-day period. Defendant’s claims examiner averred that the claim form had not been received by defendant until July 13, 2007 and annexed the envelope, bearing a July 10, 2007 postmark, which purportedly contained the claim form in question. As there is an issue of fact regarding the date that this claim form was mailed, defendant was not entitled to summary judgment dismissing the portion of the claim which billed for treatment on May 23, 2007 and May 24, 2007.
With respect to the claims for acupuncture services rendered from May 31, 2007 through August 27, 2007, the affidavit of defendant’s claims examiner stated that these claims underwent a “fee schedule review” resulting in a reduction of the amount due therefor. This allegation alone was insufficient to establish defendant’s contention that the amounts charged by plaintiff for these acupuncture services exceeded the relevant rates set forth in the workers’ compensation fee schedule (see Megacure Acupuncture, P.C. v Clarendon Natl. Ins. Co., 33 Misc 3d 141 [A], 2011 NY Slip Op 52199[U] [App Term, 2d, 11th & 13th Jud Dists 2011]) and, thus, defendant was not entitled to summary judgment with respect to these claims.
Defendant denied the portion of plaintiffs September 10, 2007 claim that was for dates of service from August 29, 2007 through September 6, 2007 based on an independent medical examination (IME) performed on August 13, 2007 by an acupuncturist who concluded that further acupuncture treatment was no longer necessary. In support of its cross motion, defendant submitted the sworn report of the acupuncturist, which established, prima facie, a lack of medical necessity for the services performed from August 29, 2007 through September 6, 2007. In opposition, plaintiff submitted the affidavit of its treating acupuncturist which did not rebut the conclusions set forth in the IME report (see Olga Bard Acupuncture, P.C. v GEICO Ins. Co., 29 Misc 3d 132[A], 2010 NY Slip Op 51898[U] [App Term, 2d, 11th & 13th Jud Dists 2010]; Pan Chiropractic, P.C. v Mercury Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51495[U] [App Term, 2d, 11th & 13th Jud Dists 2009]). Accordingly, so much of defendant’s cross motion as seeks to dismiss this portion of plaintiffs claim should have been granted.
*72 In light of the foregoing, the order, insofar as appealed from, is modified by providing that the branch of defendant’s cross motion seeking summary judgment dismissing so much of the complaint as seeks to recover the portion of plaintiffs September 10, 2007 claim that was for dates of service from August 29, 2007 through September 6, 2007 is granted.